**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**ALLEN SPEARS, #27050-034**                                                                    **PETITIONER**

**VERSUS**                                                         **CIVIL ACTION NO. 5:07-cv-40-DCB-MTP**

**CONSTANCE REESE, et al.**                                                      **RESPONDENTS**

<u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court, *sua sponte*, for consideration of dismissal. On February 26, 2007, Petitioner Spears, an inmate incarcerated at the Federal Correctional Complex -Yazoo, Yazoo City, Mississippi, filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2241. After consideration of the Petition [1], Memorandum in Support [2], Motion to Amend [5] and Response [6] filed, the Court has reached the following conclusions.[1]

Initially, the Court notes that Petitioner was convicted of possession with intent to distribute cocaine on April 19, 2001, by the United States District Court for the Eastern District of Louisiana. *See U.S. v. Spears*, No. 2:00-cr-146-MLCF-1 (E.D. La. Apr. 19, 2001). As a result, Petitioner was sentenced to serve 135 months in the custody of the Bureau of Prisons (BOP), followed by a five- year term of supervised release.

Petitioner is challenging the Bureau of Prisons' interpretation of 28 C.F.R §§ 570.20 and 570.21. Petitioner states that the BOP interprets these regulations to categorically limit the placement of inmates into a Residential Re-entry Center (RRC) to those inmates who are serving the final 10% of their term of imprisonment, not to exceed six months, regardless of the inmates

---

[1] Petitioner's Motion to Amend [5] filed October 21, 2008, request the replacement of Respondent Reese, the former Warden of FCC-Yazoo with the current Warden, Bruce Pearson. The Motion [5] is granted to the extent the Clerk is directed to replace Respondent Warden Constance Reese with Warden Bruce Pearson, and denied in all other respects.

individual circumstances. Petitioner argues that this categorical approach disregards the statutory factors set forth in 18 U.S.C. § 3621(b), which the BOP is required to consider in determining inmate placement. Petitioner complains that he is being refused consideration for immediate placement in a Residential Re-entry Center. As relief, Petitioner is requesting a court order that declares 28 C.F.R. §§ 570.20 and 570.21 illegal and invalid and requires the BOP to individually consider him for placement in a RRC based on the factors set forth in 18 U.S.C. § 3621(b), without regard to 28 C.F.R. §§ 570.20 and 570.21. *See Pet. [1]*, p.2; *Resp. [6]*, p.14-15.

Since the filing of this petition, Congress passed the Second Chance Act of 2007, Pub. L. 110-199, Title II, § 251(a), 122 Stat. 692 (Apr. 9, 2008), which amends 18 U.S.C. § 3624(c) to increase placement in a Community Corrections Center or Residential Re-entry Center to twelve months, and requires the BOP to make placement decisions on an individual basis consistent with the criteria set forth in 18 U.S.C. § 3621(b). On October 10, 2008, this Court entered an Order [4], directing the Petitioner to file a written response stating why his petition for habeas relief should not be dismissed as moot in light of the above legislation. Petitioner was also provided the opportunity to voluntarily dismiss his petition. In Petitioner's Response [6], he argues that his petition is not moot and should not be dismissed because he has "a reasonable expectation that Respondents wrongful behavior will be repeated, even in light of the Second Chance Act." *Resp. [6]*, p. 2. For the following reasons this Court is not persuaded by the Petitioner's argument.

Whether a case is moot is a jurisdictional matter, since it implicates the Article III requirement that there be a live case or controversy. *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987). This Court is obliged to raise the subject of mootness *sua sponte*. *Id*. As stated

above, subsequent to Petitioner's request for habeas relief, Congress passed the Second Chance Act of 2007, Pub. L. 110-199, Title II, § 251(a), 122 Stat. 692 (Apr. 9, 2008); therefore, the challenged regulation has been superseded by a new regulation and "the issue of the validity of the old regulation is moot, for this case has 'lost its character as a present, live controversy of the kind that must exist if we are to avoid advisory opinions on abstract questions of law.'" *Princeton Univ. v. Schmid*, 455 U.S. 100, 103 (1982) *(per curiam)*(quoting *Hall v. Beals*, 396 U.S. 45, 48 (1969) *(per curiam)*). *See also Am. Med. Ass'n v. Bowen*, 857 F.2d 267, 270 (5th Cir.1988)(dispute resolved because of changed circumstances considered moot).

The Petitioner is challenging 28 C.F.R §§ 570.20 and 570.21, which "have been 'effectively erased' by the Second Chance Act." *John v. Berkebile*, 2008 WL 2531430, *2 (N.D. Tex. 2008) (*citing Coal. of Airline Pilots Assocs. v. FAA*, 370 F.3d 1184, 1185-91 (D.C. Cir. 2004) (dismissing as moot a case challenging certain FAA regulations where the regulations were "effectively erased" following the enactment of new federal law)). Since the enactment of the Second Chance Act, there are no facts presented by the Petitioner to indicate that the BOP follows the regulations complained of by the Petitioner; therefore, this petition is rendered moot. Further, as to Petitioner's assertion that there is a "reasonable expectation" that respondents will continue in the same manner as was done prior to the Second Chance Act, the Court of Appeals for the Fifth Circuit has held that "the mere possibility of future consequences is too speculative to give rise to a case or controversy." *Bailey* at 279. (*citing Vandenberg v. Rodgers*, 801 F.2d 377, 378 (10th Cir. 1986); *United States ex rel. Graham v. United States Parole Comm'n*, 732 F2d. 849, 850 (11th Cir. 1984)). As stated above, this Court can no longer grant the remedy requested by the Petitioner, thus dismissal of the instant petition is warranted.

## CONCLUSION

For the foregoing reasons, Petitioner's request for habeas relief is moot. Therefore, this case will be dismissed, with prejudice. A Final Judgment will be entered in accordance with this Memorandum Opinion and Order.

SO ORDERED this the  18th  day of  May, 2009.

                                  s/David Bramlette
                                  UNITED STATES DISTRICT JUDGE